[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Plaintiff, a school teacher, brings this mandamus action to compel defendant school board to provide, pursuant to General CT Page 2580 Statutes § 10-2335 (b), legal representation for him in a separate action brought by "Jane Doe" for sexual assault, infliction of emotional damage, etc. The Jane Doe action has several counts directed to the school board claiming negligent supervision, etc.
Defendant moves to strike the complaint as legally insufficient because "Plaintiff has failed to allege that he was acting in the discharge of his duties or within the scope of his employment or at the direction of the Board of Education when he allegedly sexually assaulted a female student".
Section 10-235 (b) states in pertinent part as follows:
 In addition to the protection provided under subsection (a) of this section, each local and regional board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such . . . teacher . . . by reason of alleged malicious, wanton, or willful act or ultra vires act, on the part of such . . . teacher . . . while acting in the discharge of his duties . . .
It is true that the short complaint consisting of five terse paragraphs does not allege that plaintiff was "acting in discharge of his duties". However, the complaint notes that a copy of the Jane Doe complaint is attached as "Exhibit A". The Jane Doe complaint alleges that Plaintiff met Doe while she was a seventh grade student and he was a teacher at Har-Bur Middle School; that he counseled her on several matters; that sexual episodes took place in the school photography room and in Plaintiff's office during school hours; that Plaintiff as a teacher owed Doe a special duty of care and that he had a further duty to report any sexual abuse of a student which he failed to do; that all these were related to his teaching and coaching positions at the school.
Defendant raises no objection to the incorporation of the Doe complaint and the combined complaints make it sufficiently clear that Plaintiff is being charged with misconduct which occurred in the discharge of his duties, even though the specific words of the statute are not employed. From the point of view of defendant Board the alleged misconduct of the plaintiff was not authorized CT Page 2581 or in discharge of his duties; from the viewpoint of Doe and her family the conduct of plaintiff flowed directly from his duties and position as a coach and teacher employed by defendant.
Cases cited by defendant to support its claim of legal insufficiency in the complaint primarily relate to claims of indemnification and not the duty to defend, or are based on non-statutory claims of employer responsibility for torts of an employee.
The duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against her defendant, the plaintiff in this case.Missionaries of the Co. of Mary. Inc. v. Aetna Casualty,155 Conn. 104, 110 (1967). If allegations of a complaint fall even possibly
within insurance coverage, an insurance company must defend an insured. West Haven v. Commercial Union Ins. Co., 894 F.2d 540,544 (2d Cir. 1990).
Plaintiff's complaint, considered as a whole within the language of § 10-235 (b) and confined to a claim for legal representation, is sufficient to state a cause of action.
Motion to strike is denied.
 Jerry Wagner Trial Judge Referee